UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME N. SCOTT,<br><br>        Petitioner,<br><br>   v.<br><br>SYLVIA GARCIA, Warden,<br><br>        Respondent. | Case No. ED CV 09-1554 GAF (CT)<br><br>ORDER DENYING MOTION TO AMEND AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation. The court concurs with and adopts the findings, conclusions, and recommendations of the magistrate judge.

    In addition to filing objections to the magistrate judge's report and recommendation, petitioner has filed an untimely motion to amend. Therein, he contends that the trial court did not sufficiently instruct the jury on the premeditation component of the murder instruction. According to petitioner, this new challenge is meant to supplement his initial challenge to the sufficiency of the evidence supporting his murder conviction. However, this is first time

petitioner has asserted any challenge to the instructions that the court provided to the jury.

Although petitioner asserts that the amendment is proper under Federal Rule of Civil Procedure 15(c), the challenge to the jury instructions does not arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and does not share a common core of operative facts with any of petitioner's earlier asserted claims. See Mayle v. Felix, 545 U.S. 644, 656-57 (2005). Accordingly, aside from the fact that petitioner waited until after the court issued its report and recommendation to assert his new ground for relief, the ground he asserts does not relate back to any ground in the original petition.

Thus, the proposed amendment is properly analyzed under Federal Rule fo Civil Procedure 15(a). Under Rule 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. Mayle, 545 U.S. at 654. Pursuant to Rule 15, "the court should freely give leave when justice so requires." In Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2004), the Ninth Circuit set forth five factors to determine if such an amendment should be allowed:

> In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.

Here, the balance of these factors heavily weighs against

permitting the amendment.  First, petitioner cites no reason for the undue delay in asserting a challenge that he could have raised at any time during these proceedings.  Second, respondent would be prejudiced because he has already addressed the merits of petitioner's many challenges to his conviction and because the magistrate judge has already issued a reasoned report and recommendation.  Third, petitioner could not obtain relief upon the ground he seeks to assert because the ground is not exhausted and, as explained below, is not meritorious in any event.  Finally, although petitioner has not previously amended his initial petition, he has waited until the magistrate judge issued a reasoned report and recommendation resolving petitioner's many challenges to his conviction to seek to assert a ground that he could have raised at any time.  Accordingly, the court elects not to exercise its discretion to allow the amendment here.

     Moreover, even if the court considered the merits of petitioner's challenge to the jury instructions, that challenge would fail on its merits.  Essentially, petitioner asserts that the trial court failed to include specific language from CALJIC 8.20, the California jury instruction regarding first degree murder.  Specifically, he faults the court for omitting the following portion of CALJIC 8.20:

> If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation. . . .

3

CALJIC 8.20.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also 28 U.S.C. § 2254(a). Habeas relief is not available for an alleged error in the interpretation or application of state law. See id. at 68; Dugger v. Adams, 489 U.S. 401, 409 (1989) ("The availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."). Thus, to the extent Petitioner contends that the trial court erred under state law in instructing the jury, that contention does not give rise to a cognizable ground for relief on federal habeas review.

To the extent that petitioner challenges the trial court's instruction on federal grounds, petitioner cannot obtain habeas relief unless he shows that the purported instructional error so infected the entire trial that the resulting conviction violated due process. See id.; see also Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Cupp v. Naughten, 414 U.S. 141, 147 (1973). Moreover, an allegedly erroneous instruction "may not be judged in artificial isolation," but must be considered in the context of the trial record and the instructions as a whole. Estelle, 502 U.S. at 72; see also Cupp 414 U.S. at 146-47. Finally, "an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson, 431 U.S. at 155.

Here, petitioner cannot show that the trial court's omission of a portion of CALJIC 8.20 so infected the entire trial that the resulting conviction violated due process. Although the trial court

4

did not include the language from CALJIC 8.20 that petitioner cites, its instructions to the jury were nevertheless sufficient to allow the jury to evaluate whether petitioner's acts were the result of premeditation and deliberation. Specifically, the instructions defined both premeditation and deliberation: "The defendant acted <u>deliberately</u> if he carefully weighed the considerations for and against his choice and knowing the consequences, decided to kill" and "The defendant acted with <u>premeditation</u> if he intended to kill before committing the act that caused death." (CT at 179 (emphasis in original)). Moreover, the instructions provided further explanation of both concepts:

> A decision to kill made rashly, impulsively, or without careful consideration is not deliberate or premeditated. On the other hand, a cold, calculated decision to kill can be reached quickly. The test is the extent of reflection, not the length of time.

(<u>Id.</u>). These instructions were sufficient to allow the jury to understand that a finding of premeditation required some amount of reflection on petitioner's part. Accordingly, habeas relief would not be warranted with respect to petitioner's instructional error ground for relief, even if that ground had been properly asserted.

IT IS ORDERED that petitioner's motion to amend is DENIED and that judgment be entered denying the petition for writ of habeas corpus and dismissing this action with prejudice.

DATED: <u>March 6, 2010</u>

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

5